UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO MATIAS GROSSO,<br><br>        Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>        Respondent. | Case No.: 25-cv-3593-JES-BLM<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**(2) DENYING MOTION TO STAY AS MOOT; and**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>**[ECF Nos. 1-3]** |

  Before the Court is Petitioner Alvaro Matias Grosso's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner concurrently filed a motion to stay. ECF No. 2. Petitioner also subsequently filed a motion to appoint counsel. ECF No. 3. After due consideration and for the reasons below, the Court declines to issue an order to show cause and **DENIES** the petition without prejudice.

  Petitioner is a native of Italy and is currently being detained at Otay Mesa Detention Center. ECF No. 1 at 1. He is currently in removal proceedings. *Id.* at 4. He alleges that he

1  is a victim of human trafficking and appears to have a pending T-Visa case in front of U.S.
2  Citizenship and Immigration Services ("USCIS"). *Id.* at 5-6. In his petition, he seeks (1)
3  immediate release; (2) dismissal of his immigration court charges "due to [his] situation as
4  [a] victim[]"; (3) expedited processing of his USCIS case; and (4) an opportunity to contest
5  his case with USCIS. *Id.* at 7.

6  Upon consideration of a habeas petition under § 2241, the court shall "award the writ
7  or issue an order directing the respondent to show cause why the writ should not be granted,
8  unless it appears from the application that the applicant or person detained is not entitled
9  thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations
10 in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."
11 *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v.*
12 *Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

13 Here, Petitioner is not requesting any relief that is cognizable on habeas relief. On
14 habeas, district courts may not review discretionary decisions made by immigration
15 authorities, and may only review immigration-related detentions to determine if they
16 comport with the requirements of the Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 688,
17 (2001). Further, jurisdiction to review any challenges to underlying immigration orders,
18 including removal orders, does not rest with the district court, but with appellate courts.
19 *See* 8 U.S.C. § 1252(a)(5). Most of Petitioner's relief asks the Court to interfere with his
20 underlying and pending immigration proceedings, which the Court cannot do. While
21 Petitioner does make a request for immediate release, he identifies no grounds,
22 constitutional or otherwise, as to why he is entitled to this relief.

23 //
24 //
25 //
26 //
27 //
28 //

1    For the reasons discussed above, the Court **DENIES** the Petition without prejudice,
2    and **DENIES** the motion to stay and motion for appointment of counsel as moot. The Clerk
3    is directed to close the case.

4    **IT IS SO ORDERED.**

5    Dated: January 12, 2026

Honorable James E. Simmons Jr.
United States District Judge