UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO MATIAS GROSSO,<br><br>                                  Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                                  Respondent. | Case No.: 3:25-cv-03593-JES-BLM<br><br>**ORDER REGARDING PETITIONER'S SUPPLEMENTAL DOCUMENT**<br><br>**[ECF No. 17]** |

On May 20, 2026, Petitioner filed a supplemental documents. ECF No. 17. As the Court has previously recounted, Petitioner has filed several other petitions before this Court: Case No. 26-cv-396-CAB-MMP, filed on January 22, 2026; Case No. 26-cv-1575-BAS-BLM, filed on March 12, 2026; Case No. 26-cv-1982-JLS-JLB, filed on March 27, 2026; and Case No. 26-cv-03112-JES-DDL, filed on May 11, 2026.

In this supplemental document, Petitioner appears to be arguing that his prior bond hearing, which resulted in bond being denied, should be reviewed by this Court. *See* ECF No. 17 at 5. As part of this argument, he states that exhaustion of administrative remedies should not be required. *Id.* at 5-7. The Court acknowledges that courts in this district have reached different conclusions on this issue. *Compare Baker v. Gordon*, Case No. 25-cv-03539-CABSBC, ECF No. 8 at 2 (S.D. Cal. Jan. 30, 2026) (finding that exhaustion with

1

the BIA with a bond order is required) *with Perez Velasquez v. Bondi*, Case No. 26-cv-1759-GPC-DDL, ECF No. 11 at 5-9 (S.D. Cal. Apr. 16, 2026) (exercising discretion to waive exhaustion requirement to review bond order) *and Bayani v. LaRose,* Case No. 26-cv-2660-JES-VET, ECF No. 19 at 5-8 (S.D. Cal. May 5, 2026) (holding same).

However, this issue regarding exhaustion and whether the bond hearing result can be reviewed at this time has already been decided as applied to Petitioner. In Petitioner's prior habeas Case No. 26-cv-396-CAB-MMP, on February 19, 2026, Petitioner already filed a Motion to Enforce Habeas Bond Order. Case No. 26-cv-396-CAB-MMP, ECF No. 6. The judge in that case has already ruled that Petitioner must exhaust administrative remedies to the BIA before his bond order can be reviewed. Case No. 26-cv-396-CAB-MMP, ECF No. 9 at 2. Thus, until the BIA returns with a decision on Petitioner's bond hearing order, this Court is unable to take any action. Accordingly, this case shall remain **CLOSED** at this time.

**IT IS SO ORDERED.**

Dated: May 27, 2026

_____

Honorable James E. Simmons Jr.
United States District Judge